UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELISSA HARRIS,

        Plaintiff,

  v.                                      Case No. 19-cv-441-pp

CITY OF MILWAUKEE,
CHIEF ALFONSO MORALES,
and DETECTIVE KIMBERLY ANDERSON,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (DKT. NO. 21) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ISSUANCE OF SUMMONS (DKT. NO. 4)**

---

On March 27, 2019, the plaintiff, representing herself, filed a complaint claiming that she had been falsely arrested in violation of the United States Constitution. Dkt. No. 1. Seven months later, after all the defendants had appeared and filed answers, this court issued a Rule 26(f) scheduling order. Dkt. No. 20. The order gave the parties a deadline of November 30, 2019 to file amended pleadings. Id. at 2.

On December 3, 2019—three days after amended pleadings were due—the court received from the plaintiff a motion to extend time to file an amended complaint. Dkt. No. 21. She explained that she wanted an "extra week [from the original deadline] if possible" because her work schedule didn't give her "enough time to make any corrections." Id. at 1. She also stated that she needs her job because she has "been out of work from MPS for over a year due to this

1

false allegations from this particular case." Id. She stated that she's doing "all this paperwork" on her own and apologized for "los[ing] track of time with everything going on." Id. She concludes by specifying that she would like an extension to December 6, 2019. Id. The court received the amended complaint on December 9, 2019. Dkt. No. 22.

Because the plaintiff filed this motion *after* the deadline the court set for amending pleadings without leave of court, the court construes it as a motion for leave to amend pleadings under Federal Rule of Civil Procedure 15(a)(2). Although courts should freely grant leave to amend when justice so requires, a party attempting to amend after the scheduling order deadline must show "good cause." Kuhn v. United Airlines, Inc., 640 F. App'x 534, 536–37 (7th Cir. 2016) (quoting CMFG Life Ins. Co. v. RBS Sec., Inc., 799 F.3d 729, 749 (7th Cir.2015)). The primary consideration in a good-cause determination is the diligence of the party seeking amendment. CMFG, 799 F.3d at 749 (quoting Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir.2011)). The court must allow a self-represented party the chance to amend wherever Rule 15(a) would allow a represented party to amend. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1025 (7th Cir. 2013).

The defendants have not opposed the motion; in fact, they already have filed both an answer and a corrected answer to the amended complaint. Dkt. Nos. 23, 26. The court will grant the motion, and will deem the amended complaint received on December 3, 2019 as timely filed.

The court also notes that months ago, in April 2019, the plaintiff filed a letter, asking the court for a summons and complaint. Dkt. No. 4. The court never ruled on that motion, but the clerk's office provided her with a service packet on April 24, 2019, and the defendants timely answered the original complaint. The court will deny the motion as moot.

The court **GRANTS** the plaintiff's motion to extend time to file an amended complaint. DKt. No. 21.

The court **ORDERS** that the amended complaint at Dkt. No. 22 is the operative complaint in this case.

The court **DENIES AS MOOT** the plaintiff's motion for issuance of summons. Dkt. No. 4

Dated in Milwaukee, Wisconsin this 28th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**