UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISSA HARRIS,

        Plaintiff,

v.                                                                Case No. 19-cv-441-pp

CITY OF MILWAUKEE,
CHIEF ALFONSO MORALES,
and DETECTIVE KIMBERLY ANDERSON,

        Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE (DKT. NO. 47), STRIKING 2ND AMENDED COMPLAINT (DKT. NO. 45) AND REQUIRING PLAINTIFF TO FILE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY MARCH 19, 2021**

On September 30, 2020, the defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56. Dkt. No. 33. On October 28, the plaintiff filed a motion for extension of time to respond to the summary judgment motion. Dkt. No. 41. She explained that she had been struggling to pay bills and "complete additional educational testing which would improve [her] chances of employment." Id. at 1. She asked for a sixty-day extension. Id. at 2. The court granted that request, giving the plaintiff a deadline of December 31, 2021 by which to file her response. Dkt. No. 42.

On December 30, 2020, the plaintiff filed another motion for an extension of time to respond to the summary judgment motion. Dkt. No. 43. She stated that she was "very close to being able to file" her response, but that she had been unable to access a computer because the computer she'd been using at the Milwaukee Public Library limited users to two hours; she said that

1

since the pandemic began, she had not been able to access the computer at all "on most occasions." Id. at 1-2. She also cited her continued unemployment, caring for her six-year-old son and monitoring his virtual schooling and her lack of a working vehicle as reasons she had not been able to file her response sooner. Id. at 2. At the end of the motion, she stated that she had "added the names of several officers whose true names became known to [her] only after the discovery was given over by the City." Id. The court granted *this* motion and gave the plaintiff a new deadline of January 31, 2021 by which to file her response. Dkt. No. 44.

Despite telling the court in late December that she was "almost finished" with her response to the motion for summary judgment, the plaintiff never has filed that response. Instead, on January 29, 2021, she filed a document she titled "2nd Amended Complaint," dkt. no. 45, along with a declaration, dkt. no. 46. The defendants have responded by filing a motion to "strike" the proposed amended complaint. Dkt. No. 47.

The plaintiff cannot amend her complaint without the court's permission. Fed. R. Civ. P. 15(a)(1) allows a party to amend a complaint one time "as a matter of course"—without the court's permission—if the party files the amended complaint within twenty-one days after serving the original complaint or within twenty-one days after the other side serves its answer. Otherwise, Rule 15(a)(2) says that a party may amend its pleading only with the opposing party's written consent or the court's permission.

The defendants answered the original complaint on May 28, 2019 (City of Milwaukee, Alfonso Morales) and October 7, 2019 (Kimberly Anderson). Dkt. Nos. 7, 14. Under Rule 15(a)(1), the plaintiff could have amended the complaint as to the City of Milwaukee and Alfonso Morales without the court's permission

2

as long as she did so by about June 18, 2019, and she could have amended without the court's permission as to Kimberly Anderson as long as she did so by about October 28, 2019. She did not do so. The parties filed their Rule 26(f) plan on October 31, 2019, dkt. no. 18, and the court issued a scheduling order on November 1, 2019, dkt. no. 20. The scheduling order set a deadline of November 30, 2019 by which to file amended pleadings. Dkt. No. 20 at 2.

On December 3, 2019—three days after amended pleadings were due—the court received from the plaintiff a motion to extend the time to file an amended complaint. Dkt. No. 21. She asked the court to extend the deadline to December 6, 2019. Id. The court received the proposed amended complaint on December 9, 2019. Dkt. No. 22. Noting that the court had received the motion for an extension of time after the deadline the court had set for amending without leave of court, the court construed the plaintiff's motion as a motion for leave to amend under Fed. R. Civ. P. 15(a)(2). Dkt. No. 28 at 2. Because the defendants did not oppose the motion—in fact, they filed both an answer and a corrected answer before the court had a chance to rule on the plaintiff's motion for leave to amend—the court granted the motion and allowed the plaintiff to file the amended complaint. Id. at 2.

The plaintiff missed her opportunity to file one amended complaint "as a matter of course"—without having to seek the court's permission. That opportunity expired over a year ago, on November 30, 2019. The court nonetheless gave the plaintiff permission to amend the complaint, which she did over a year ago, in December 2019. Now, the plaintiff has filed a document titled "2nd Amended Complaint," but she has not asked the court's permission to amend. And she has *not* done what she told the court she was "almost

3

ready" to do—she has *not* responded to the arguments in the defendants' motion for summary judgment.

A motion for summary judgment is appropriate when the defendant, after reviewing all the allegations in the complaint and the discovery that the parties have exchanged, concludes that any factual disputes between the parties are not material or genuine and that the defendant is entitled to win the case as a matter of law. In this case, the defendants have argued that they are entitled to summary judgment because the evidence—the body camera video and the temporary felony arrest warrant—contradicts the plaintiff's version of events. Dkt. No. 34. They make three arguments in support of the motion for summary judgment: (a) that the evidence shows that the reason the plaintiff was arrested was because there was a temporary felony arrest warrant issued for her; (b) that there is no evidence showing that the plaintiff was arrested because she was Black (as she asserted in her second deposition); and (c) that the defendants are entitled to qualified immunity. Id.

It appears that the plaintiff filed the 2nd Amended Complaint to try to address—perhaps even get around—these arguments. The 2nd Amended Complaint contains 108 paragraphs, in contrast to the twenty-eight paragraphs in the amended complaint (Dkt. No. 22). The 2nd Amended Complaint goes into detail about what the plaintiff alleges was happening when officers came to her home and arrested her (Dkt. No. 45 at ¶¶15-40), whereas the amended complaint stated only the date and time of the arrest (Dkt. No. 22 at ¶7). The 2nd Amended Complaint concedes that the arresting officers mentioned a felony warrant, then asserts that the plaintiff should not have been subjected to such a warrant and that the officers had improper motives for doing so. Dkt. No. 45 at ¶¶23-28.

4

The defendants characterize the plaintiff's claims as baseless and offensive and have asked the court to strike the 2nd Amended Complaint, citing Fed. R. Civ. P. 12(f)(1). Dkt. No. 47 at 2, 5. That rule allows the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The defendants argue that the court should not allow the plaintiff to basically restart the litigation clock by reading their motion for summary judgment, then filing a new complaint to try to alter the landscape to negate their arguments.

The court will grant the defendants' motion to strike the 2nd Amended Complaint. The plaintiff did not file a motion for leave to amend. Almost two years into the litigation and after the defendants have filed their motion for summary judgment, the court suspects it would have denied such a motion had the plaintiff filed it. It borders on abuse of the litigation process for a plaintiff to file a complaint and an amended complaint, wait until discovery has closed and the defendants have filed their motion for summary judgment and then try to change the litigation landscape by filing a second amended complaint that attempts to address the deficiencies the defendants pointed out in their motion.

The plaintiff has a right to respond to the defendants' summary judgment arguments, but the appropriate way to do that is for her to file a brief in opposition to their motion, accompanied by her responses—paragraph by paragraph—to the defendants' proposed findings of fact; failure to do so will result in the court deeming unopposed facts admitted. Fed. R. Civ. P. 56(e)(2), Civil Local Rule 56(b)(4) (E.D. Wis.) If, during discovery, the plaintiff has collected evidence that she believes supports her version of events, she must cite to that evidence, Fed. R. Civ. P. 56(c)(1), and if the evidence is not in the

5

court record, she must attach the evidence as an exhibit to her opposition brief. She also may file a declaration—like the one she filed with the 2nd Amended Complaint (Dkt. No. 46). The plaintiff should be aware, however, that if she says things in a sworn declaration that are different from the things she said in her depositions, the defendants have the right to point out those discrepancies and to argue their significance in a reply brief. If a court becomes convinced that an affidavit or declaration relating to summary judgment is submitted in bad faith, the court "after notice and a reasonable time to respond" may sanction the party who filed the affidavit or declaration, by making that party pay the other sides' fees and expenses or by holding the party in content. Fed. R. Civ. P. 56(h).

The court will give the plaintiff a final chance to oppose the defendant's motion for summary judgment and to explain to the court why she believes the court should not grant that motion. If the plaintiff does not file an opposition brief and response to the defendants' proposed findings of fact by the deadline the court sets below, the court will consider the defendants' summary judgment motion unopposed and may grant judgment in their favor and dismiss the case. See Fed. R. Civ. P. 56(e)(3).

The court **GRANTS** the defendants' motion to strike the 2nd Amended Complaint. Dkt. No. 47.

The court **ORDERS** that the 2nd Amended Complaint is **STRICKEN** and will not replace the first amended complaint. Dkt. No. 45.

The court **ORDERS** that by the end of the day on **March 19, 2021**, the plaintiff must file her brief opposing summary judgment and any materials in support of that brief. The court **ORDERS** that the plaintiff must file the opposition brief and supporting materials in time for the court to *receive* them

6

Case 2:19-cv-00441-PP    Filed 02/23/21    Page 6 of 7    Document 48

by the end of the day on March 19, 2021. If the court does not receive the opposition brief and supporting materials by the end of the day on March 19, 2021, the court will consider the summary judgment motion unopposed and may grant judgment in favor of the defendants and dismiss the case.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**