UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELISSA HARRIS,

        Plaintiff,

v.                                                                                         Case No. 19-cv-441-pp

CITY OF MILWAUKEE,
CHIEF ALFONSO MORALES,
DETECTIVE KIMBERLY ANDERSON
and KEYONA VINES,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 61)**

---

On September 21, 2021, the court granted the defendants' motion for summary judgment and dismissed the case with prejudice. Dkt. No. 57. Two weeks later, the plaintiff filed a notice of appeal, dkt. no. 59, and a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 61.

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3).

    A.    <u>Indigence</u>

On March 27, 2019, the plaintiff filed a motion to proceed without prepaying the district court filing fee. Dkt. No. 2. At that time, the plaintiff indicated that she had $1,400 in monthly child support payments, $650 in

1

monthly wages or salary, $650 of monthly income from "W-2 America Works," $650 in total monthly expenses and a $22,500 home. Id. at 1-3. A month later, the court terminated the motion because on April 24, 2019, the court received from the plaintiff the full $400 district court filing fee.

The plaintiff filed her motion for leave to appeal without prepaying the appellate filing fee on October 5, 2021—over two and a half years after she filed the motion to proceed without prepaying the district court fee. Dkt. No. 61. Section one of the accompanying affidavit states that the plaintiff has a monthly income of $9,500 from "Unemployment payments." Id. at 2. Section two of the affidavit indicates that the plaintiff receives $2,500 in gross monthly pay from "MCFI" at 2020 West Wells Street in Milwaukee—the Milwaukee Center for Independence—and she lists a start date at that employment of September 13, 2021. Id. The plaintiff reports no spousal income and no bank accounts or cash. Id. at 3. The affidavit reflects that the plaintiff or her spouse owns a home worth $35,000. Id. The plaintiff indicates that she has two children who rely on her for support, id. at 4, and she reports $1,215 in monthly expenses, id. at 5. She attests that she expects no changes to her monthly income, expenses, assets or liabilities during the next twelve months. Id. at 6.

The October 2021 affidavit reflects at least $8,285 in disposable income left after the plaintiff pays her expenses each month. The court finds that the plaintiff can prepay the $505 appellate court filing fee.

B.   Good Faith

The Seventh Circuit has cautioned that district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The court granted the defendants' motion for summary judgment because the admitted facts (which resulted from the plaintiff's failure to properly respond to the motion for summary judgment) demonstrated that the officers who arrested the plaintiff had probable cause, providing an absolute defense to her claim of false arrest, dkt. no. 57 at 21; the admitted facts did not mention a search, so there was no factual support for the plaintiff's unlawful search claim, id.; the amended complaint did not state any facts that would support a Monell claim, id. at 23; the amended complaint did not allege discrimination based on race and the first time the plaintiff raised that allegation was in her brief in opposition to the motion for summary judgment, id. at 24; and the defendants were entitled to qualified immunity, id. at 25-26. In the notice of appeal, the plaintiff asserts that she has been wrongfully accused, that she would never do what she was accused of and that she wants a "real lawyer" to help her. Dkt. No. 59 at 1. She asserts that the "cops" did not have a warrant for her arrest, that she did not see a judge while in jail and that

3

there was no evidence against her. Id. at 2. In the portion of the motion for leave to appeal without prepaying the appellate filing fee that asks the appellant to describe her issues on appeal, the plaintiff wrote, "I can't afford docket fees, and I was violated of my constitutional rights, the law is NOT taking responsibility for their negative actions toward me!!!" Dkt. No. 61 at 1.

The court will assume that the plaintiff filed this appeal in good faith, even though she did not comply with this court's directions as to how to respond to the summary judgment motion and did not provide the court with any evidence to support her claims. But because the plaintiff is not indigent, the court will deny her motion to proceed without prepaying the appellate filing fee.

As the court noted, the plaintiff's notice of appeal says that she was requesting time to obtain a "real lawyer." Dkt. No. 59 at 1. Once the plaintiff pays the appellate filing fee, she will receive information from the court of appeals about the schedule for filing briefs and other documents. If the plaintiff needs more time than the court of appeals gives her, she may ask that court for additional time.

C. Conclusion

The court **ORDERS** that the plaintiff's motion for leave to appeal without prepaying the appellate filing fee is **DENIED**. Dkt. No. 61.

The court **ORDERS** that if the plaintiff wants to proceed with her appeal, she must pay the $505 appellate filing fee in time for the court to *receive* it by the end of the day on **November 19, 2021**. If the court does not receive the

4

$505 filing fee by the end of the day on November 19, 2021 the Seventh Circuit Court of Appeals may dismiss the plaintiff's appeal.

Dated in Milwaukee, Wisconsin this 18th day of October, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**